# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

COUNTRY DREAMS, LLC,

        Plaintiff,

                             Case No. 3:23-cv-778-MMH-PDB

vs.

CLAUDIA MORALES MEJIAS,
KIUSTYN MARTIN DE LA TORRE, and
UNKNOWN TENANTS IN POSSESSION,

        Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court on the Notice of Case Removal (Doc. 1) filed by Defendants Claudia Morales Mejias and Kiustyn Martin de la Torre on July 5, 2023. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "The existence of federal jurisdiction is tested as of the time of removal." Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011); see also Adventure

Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294-95 (11th Cir. 2008). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Here, Defendants appear to invoke this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. See Notice ¶ 1.[1]

"In determining whether jurisdiction exists under 28 U.S.C. § 1331, a court must look to the well-pleaded complaint alone." Adventure Outdoors, 552 F.3d at 1295; see also Kemp v. Int'l Bus. Mach. Corp., 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint."). To meet their burden of proving proper federal jurisdiction, the removing "defendants must show that the plaintiff['s] complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." Adventure Outdoors, 552 F.3d at 1294-95; see also Ehlen Floor Covering, 660 F.3d at 1287. "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." Adventure Outdoors, 552 F.3d at 1294. Moreover, a district court "may remand a case sua sponte for lack of subject matter jurisdiction at any

_____

[1] Defendants do not assert, nor does it appear, that the Court has diversity jurisdiction over this action.

time." <u>Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.</u>, 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)).

Upon review, the Court finds that this case is due to be remanded because the Court lacks federal question jurisdiction over this action.  Indeed, the only claim Plaintiff asserts in the Verified Complaint does not present a federal question or arise under a specific statutory grant.  <u>See generally</u> Verified Complaint for Foreclosure of Agreement for Deed (Doc. 2; Verified Complaint). Rather, Plaintiff asserts a single state law foreclosure claim based on Defendants' alleged failure to make payments under an Agreement for Deed. <u>See id.</u>  A state law claim may give rise to federal question jurisdiction if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 314 (2005); <u>see also</u> <u>Adventure Outdoors</u>, 552 F. 3d at 1295 (recognizing "that '<u>Grable</u> exemplifies' a 'slim category' of cases.") (citation omitted).  On the face of the Verified Complaint, however, Plaintiff does not raise a "substantial" federal question, as it simply seeks to foreclose on an Agreement for Deed concerning certain real

property.  <u>See generally</u> Verified Complaint.  Defendants assert no other basis for the exercise of federal subject matter jurisdiction over this case.[2]

As such, upon review of the Notice and the Verified Complaint, the Court determines that it lacks subject matter jurisdiction over this action and removal is improper.  Accordingly, it is

**ORDERED**:

1. The Clerk of the Court is **DIRECTED** to remand this case to the Circuit Court, Third Judicial Circuit, in and for Suwannee County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

2. The Clerk is further **directed** to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 10th day of July, 2023.

**MARCIA MORALES HOWARD**
United States District Judge

---

[2] The Court notes that the Verified Complaint includes a notice pursuant to the Fair Debt Collections Practices Act (FDCPA) which informs Defendants that the "undersigned attorney is attempting to collect a debt owed to Plaintiff, and any information obtained will be used for that purpose."  <u>See</u> Verified Complaint at 1-2.  To the extent Defendants may have believed that this FDCPA notice provided a basis for removal, the Court explains that the notice does not establish federal question jurisdiction as the Verified Complaint plainly does not assert a claim against Defendants pursuant to the FDCPA.

lc11
Copies to:

Counsel of Record
Pro Se Parties

Suwannee County Clerk of the Circuit Court